# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51111
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2016

Lyle W. Cayce
Clerk

GEORGE CHAVEZ,

> Plaintiff – Appellant,

v.

CITY OF SAN ANTONIO,

> Defendant – Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-84

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

George Chavez, a police officer for the City of San Antonio, alleges that he was subjected to harassment after he began dating his supervisor's ex-wife, and to retaliation after he complained about the harassment, including most significantly his transfer out of the police academy. Chavez appeals the district court's summary judgment in favor of the City, arguing that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51111

applied an overly stringent but-for causation requirement to his Title VII retaliation claim. Because the district court applied the correct standard and Chavez has not raised a genuine issue of material fact as to pretext, we AFFIRM.

We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To establish actionable retaliation under Title VII, a plaintiff must first make a *prima facie* showing that he engaged in a protected activity, that an adverse employment action occurred, and that a causal link existed between the protected activity and the adverse action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012). The burden then shifts to the employer to demonstrate a legitimate non-discriminatory purpose for the employment action. *Id.* If the employer does so, the plaintiff in order to survive summary judgment must raise a genuine issue of material fact as to whether the employer's stated reason for the adverse action was merely a pretext for the real, discriminatory purpose. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)).

The district court, adopting the magistrate judge's report and recommendation, found that Chavez had established a *prima facie* case but had not raised a fact issue as to whether the City's proffered reasons for its actions were pretext for retaliation. The crux of Chavez's appeal is that the district court erred in determining that to establish pretext, Chavez had to produce evidence that retaliation was more than a motivating factor for the

2

No. 15-51111

adverse employment action.  We assume for the sake of argument that Chavez established a *prima facie* case of retaliation based on his transfer out of the police academy after he filed a complaint with the EEOC.[1]

The Supreme Court has recently explained that "Title VII retaliation claims must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).  The Court expressly rejected application of the less stringent "motivating factor" test used for discrimination claims under Title VII.  *Id.*  Chavez argues that the Court's subsequent decision in *Burrage v. United States*, 134 S. Ct. 881 (2014), modified this standard, but *Burrage*, which quoted *Nassar* in its discussion of the causation requirement in the Controlled Substances Act, neither altered *Nassar*'s but-for causation requirement nor involved Title VII.  Because *Nassar* is directly on point and controls, the district court did not err in requiring Chavez to produce evidence that retaliation was more than merely a motivating factor for his transfer.

As the district court correctly found, the City produced evidence that the most important reason for Chavez's transfer was that he was "apparently incapable or unwilling to control his emotions, anger, and speech, especially when considering the cadets," despite having been repeatedly counseled and warned about his profane and abusive language over the course of more than

---

[1] Chavez alleges a series of harassing or retaliatory events, many of which are time-barred or do not relate to activities or characteristics protected by Title VII.  On appeal, Chavez fails to clearly identify the particular adverse employment actions for which he argues he has raised a genuine issue of material fact as to pretext, nor does his argument cite to the evidence that purportedly raises a fact issue.  Although the City disputes that Chavez was subjected to any adverse employment action, we need not decide this issue in light of Chavez's failure to establish a fact issue on pretext.

## No. 15-51111

two years.    Chavez admitted using profane language.    Despite making conclusory arguments that there is abundant evidence of pretext, he cites to no evidence suggesting that his EEOC complaint was even a motivating factor in his transfer, much less that he would not have been transferred but for his filing of the complaint.    In fact, the uncontroverted evidence is that the ultimate decisionmaker, Chief William McManus, was unaware that Chavez had filed an EEOC complaint when he approved the transfer.[2]

Accordingly, we AFFIRM the district court's summary judgment in favor of the City of San Antonio.

---

[2] Assuming, *arguendo*, that any of Chavez's internal complaints were protected conduct under Title VII, he likewise has not presented evidence suggesting that they were but-for causes of his transfer.